the landlord; and (3) that, in consequence of the sale, the landlord sustained a loss. A charge to a jury which states the first and third necessary constituents of this offense, but leaves out all reference to the second, constitutes reversible error. Penal Code,. §§ 671, 672; *Denney* v. *State, 2 Ga. App.* 146 (58 S. E. 318); *Morrison* v. *State,* 111 *Ga.* 642 (36 S. E. 902). *Judgment reversed.*

Accusation of misdemeanor, from city court of Newton—Judge Johnson. January 6, 1909.

Submitted February 9,—Decided February 16, 1909.

*W. I. Geer,* for plaintiff in error. *B. Odom, solicitor,* contra.

---

### 1640. SHIPMAN *v.* THE STATE.

POWELL, J. Proof of the venue is essential to conviction, in every criminal case. *Judgment reversed.*

Conviction of adultery, from city court of Dalton—Judge Longley. December 18, 1908.

Argued February 10,—Decided February 16, 1909.

*William E. Mann,* for plaintiff in error.

*F. K. McCutchen, solicitor, Sam P. Maddox,* contra.

---

### 1118. COWART *v.* SAVANNAH ELECTRIC COMPANY.

1. The petition set forth a cause of action, and should not have been dismissed.
2. Neither a paragraph in a petition nor an allegation therein which constitutes only a portion of a paragraph should, on special demurrer, be stricken for defects not specified by the demurrer.

Action for damages, from city court of Savannah—Judge Freeman. May 28, 1908.

Submitted June 10, 1908.—Decided February 20, 1909.

*Oliver & Oliver,* for plaintiff.

*Osborne & Lawrence,* for defendant.

RUSSELL, J. The court below dismissed the plaintiff's petition, and also sustained certain special demurrers thereto, in a single order. We do not know from the record whether the plaintiff offered to amend in response to the special demurrers or not, before the judgment sustaining the general demurrer was entered, but